IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KIMBERLY G. BROWN                                                                                    PLAINTIFF

V.                                              Case No. 06-CV-4012

ROBIN L. OSWALD                                                                                      DEFENDANT


# ORDER

Before the Court is a Motion for New Trial filed on behalf of Plaintiff Kimberly Brown. (Doc. No. 17). On May 22, 2000, Brown was involved in an automobile accident in which Defendant Robin Oswald's motor vehicle collided with Brown's motor vehicle. Brown filed suit against Oswald in this Court. Oswald admitted responsibility for the motor vehicle accident, and a jury trial was held only on the issue of damages. Brown was the only witness who testified at trial. She testified that she was physically and emotionally injured by the collision. She also revealed that she had a pre-existing injury to her ankle and was on leave for that condition at the time of the collision. The jury returned a verdict in favor of Oswald. Brown then filed the timely Motion for New Trial.

Granting a new trial on the basis of the weight of the evidence is appropriate if allowing the verdict to stand would result in a miscarriage of justice. *Van Steenburgh v. Rival Co.*, 171 F.3d 1155, 1160 (8th Cir. 1999); *White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992). In determining whether a verdict is against the weight of the evidence, the district court may not usurp the functions of a jury, which weighs the evidence and credibility of witnesses. *White*, 961 F.2d at 780. The final determination should properly be left for the jury when reasonable minds may differ as to the result. *Id*. The district court should be reluctant to grant a new trial when the subject matter of the litigation is simple and when there is no

complicated evidence or confusing legal principles for the jury. *Id*.

Brown argues that the jury's verdict was against the preponderance of the evidence because the evidence of her injuries was not controverted. However, the evidence at trial revealed that Brown had a pre-existing injury to her ankle and was on leave because of that condition at the time of the accident. Thus, reasonable minds could have concluded that Brown's physical injuries were attributable to a pre-existing condition rather than to the accident. Moreover, Brown was the only witness at the trial, and there was no other medical testimony regarding her injuries. Uncorroborated testimony of an interested party is never considered to be uncontradicted. *Ringier America v. Combs*, 41 Ark. App. 47, 51, 849 S.W.2d 1 (1993). Reasonable minds could have discredited Brown's testimony and concluded that she did not suffer any mental or physical injuries as a result of the accident.

The subject matter of this case is simple and there is no complicated evidence or confusing legal principles. The jury reached a conclusion that reasonable minds could have reached. This Court does not believe that allowing the jury's verdict to stand would result in a miscarriage of justice. Thus, Brown's Motion for New Trial should be and hereby is denied.

IT IS SO ORDERED, this 18th day of June, 2007.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge